## JEREMIAH H. WOODMAN, *Adm'r. vs.* DAVID BARKER.

Where *A.* gave a note payable to *B.* and *C.*, and *B.* having died, *C.* received the contents of the note, in an action by *B.'s* administrator against *C.* to recover one half the money; it was held, that *C.* could not set off claims which he had against *B.'s* estate.

When two in the course of business receive a note payable to them jointly, and one dies, the other shall not have the whole by survivorship.

ASSUMPSIT for money had and received by the defendant to the use of the plaintiff, administrator of the goods and estate of *J. P. H.* deceased.

The cause was submitted to the decision of the court upon the following facts.

Previous to the decease of the plaintiff's intestate, one *D. Foss* had given a note for $114, payable to the said *J. P. H.* and the defendant, in which note the said *J. P. H.* and the defendant had each an equal interest; the amount of which note the defendant has since the decease of the said *J. P. H.* received of the said *Foss.* The estate of the said *J. P. H.* is insolvent and is indebted to the defendant in the sum of $500.

*D. Barker, jr.* for defendant.

*Woodman,* for himself.

*By the court.* It is contended in this case, that the claim which the defendant has against the estate of the intestate, may be allowed as a set-off against the plaintiff's claim. But we think otherwise. The moment the intestate died, his estate, being insolvent, became subject to a distribution among his creditors according to law, and when the plaintiff became administrator, all the personal estate became vested in him by relation as from the death of the intestate. Money thus received by the defendant on a note belonging to the intestate, since the decease of the intestate, is received to the use of the plaintiff, who may maintain an action to recover it in his own right. It never was a debt due from the defendant to the intestate. And although the plaintiff, when he has recovered the money, must account for it as administrator, yet it was unnecessary that he should bring his action as administrator. The claim of the plaintiff and the claim of the defendant are not mutual debts between the defendant and the intestate, within the meaning and intent of our

statute, and the defendant's claim cannot be allowed as a set-off.

It is also contended, that the defendant has a right to all the money as survivor, he and the intestate having had a joint interest in the note. 2 *Fon.* 102.—2 *P. Will.* 529, *Cray vs. Willis.*—2 *Bl. Com.* 399.—*Co. Litt.* 182, *a.*—1 *Caine's Cases,* 122, *Marshal et a. vs. De Groot.*—*Lov. on Wills,* 130. —2 *Brownlow,* 99.

Whether the law of survivorship among joint tenants of chattels and choses in action has ever been adopted in this state, in any case, need not now be decided. Because we are all of opinion, that if two men in the course of their business take a note from a third person payable to them jointly, and one dies, there is in such case no survivorship. In England it is held, that if two advance a sum of money and take a mortgage to them jointly, and one dies, the survivor shall not have the whole. 1 *Ch. Rep.* 31, *Petty vs. Styward.* As the contrary does not appear, the presumption is, that the note in this case was received in the ordinary course of business, and we think there must be

*Judgment for the plaintiff.*